No. 84,189

IN THE MATTER OF HOWARD DAVID SHAVER, *Respondent.*

(4 P.3d 581)

Opinion filed April 21, 2000.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*William F. Logan,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., of Topeka, argued the cause, and *Louis F. Eisenbarth,* of the same firm, was with him on the brief for the respondent.

*Howard David Shaver,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Howard David Shaver, of Leawood, an attorney admitted to the practice of law in Kansas.

On December 3, 1998, the respondent pled guilty to a violation of 26 U.S.C. § 7206(1) (1994), filing a false federal individual income tax return. The date of imposition of judgment was March 31, 1999. The offense to which the respondent pled is a class E felony. Pursuant to Supreme Court Rule 202 (1999 Kan. Ct. R. Annot. 207), a certificate of conviction of an attorney for any crime shall be conclusive evidence of the commission of that crime in a disciplinary proceeding instituted against the attorney based upon the conviction. The Disciplinary Administrator alleges that the above stated acts of the respondent violate Rule 8.4 (1999 Kan. Ct. R. Annot. 399) of the Kansas Rules of Professional Conduct.

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The respondent appeared pro se and through counsel, William F. Logan and Louis F. Eisenbarth. The office of the Disciplinary Administrator appeared by and through Stanton A. Hazlett, Disciplinary Administrator.

Based upon clear and convincing evidence, a unanimous panel made the followings findings of facts and conclusions of law.

## "Finding of Facts

"2. In 1980, the Respondent was admitted to the practice of law in the state of Missouri. Thereafter, in 1991, the Respondent was admitted to practice law in the state of Kansas.

"3. In March, 1993, Division Three of the Circuit Bar Committee of the 16th Judicial Circuit of Missouri filed an Information, alleging that the Respondent had engaged in numerous instances of misconduct. . . .

"4 During the spring months of 1995, while his disciplinary case was pending, investigators from the Internal Revenue Service notified the Respondent that he was the target of a federal investigation concerning filing false federal income tax returns.

"5. Thereafter, on January 10, 1996, the Respondent admitted to violating numerous provisions of Missouri Supreme Court Rule 4 (Rules of Professional Conduct). In a document executed by the Respondent, the Respondent admitted to violating Rules of Professional Conduct 1.2 [Scope of Representation], 1.3 [Diligence], 1.4 [Communication], 1.8(e) [Prohibited Transactions-financial assistance to client], 1.15(b) [Safekeeping Property-prompt notification to client], 3.2 [Expediting Litigation], and 5.1 [Responsibilities of a Supervisory Lawyer]. . . .

"6. On February 26, 1996, the Missouri Supreme Court indefinitely suspended the Respondent. In the order suspending the Respondent, the Missouri Supreme Court set forth four (4) conditions of reinstatement. The Respondent was ordered to complete twenty (20) hours of continuing legal education on the subjects of law office management and ethics, to employ a management consultant, to comply with the Rules of Professional Conduct, and to take and pass the Multistate Professional Responsibility Examination. In the event that the Respondent completed all four (4) conditions, the Respondent would be permitted to apply for reinstatement on or after September 1, 1996. . . .

"7. After September 1, 1996, the Respondent did apply for reinstatement in Missouri. . . . However, his application was denied by the disciplinary authorities, without hearing, because the Missouri disciplinary authorities had learned, in the interim, that the Respondent was under investigation by the Internal Revenue Service. [At no time did the Respondent inform the Missouri disciplinary authorities that he was under investigation by the Internal Revenue Service.]

"8. On December 3, 1998, in the United States District Court for the Western District of Missouri, the Respondent pleaded guilty to filing a false federal individual income tax return in violation of 26 U.S.C. § 7206(1). Filing a false federal individual income tax return is a Class E felony. Thereafter, on March 31, 1999, the Respondent was sentenced to five (5) months incarceration in a half-way house. The Respondent completed his sentence on September 17, 1999. [Respondent is presently on parole, which will expire in September of 2000.]

"9. Since the Respondent's federal felony conviction, the Respondent has not reapplied for reinstatement in Missouri.

"Conclusions of Law

"Based upon the above findings of fact, the Hearing Panel makes the following conclusions of law:

"Case Number B5728 [Violations of Missouri Supreme Court Rules of Professional Conduct].

"1. Kan. Sup. Ct. R. 202 provides:

'A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.' *Id.*

"2. Because the Respondent was found guilty of misconduct in Missouri, and pursuant to Kan. Sup. Ct. R. 202, the Hearing Panel concludes that the Respondent engaged in misconduct in violation of KRPC 1.2 [1999 Kan. Ct. R. Annot. 291—scope of representation], 1.3 [1999 Kan. Ct. R. Annot. 294—diligence], 1.4 [1999 Kan. Ct. R. Annot. 303—communication], 1.8(e) [1999 Kan. Ct. R. Annot. 325—conflict of interest: prohibited transactions], 1.15(b) [1999 Kan. Ct. R. Annot. 342—safekeeping property], 3.2 [1999 Kan. Ct. R. Annot. 362—expediting litigation], and 5.1. [1999 Kan. Ct. R. Annot. 382—responsibilities of a partner or supervisory lawyer].

"Case Number DA7428 [Felony Conviction].

"3. 26 U.S.C. § 7206(1) prohibits fraud and false statements, providing that:

'Any person who . . . [w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony. . . .' *Id.*

"Conviction of this crime requires proof beyond a reasonable doubt that the person engaged in fraud or made false statements. *Id.*

"4. Kan. Sup. Ct. R. 202 also provides:

'A certificate of conviction of an attorney for any crime . . . shall be conclusive evidence of the commission of that crime . . . in any disciplinary proceeding instituted against said attorney based upon the conviction . . . .' *Id.*

"5. By his guilty plea, the Respondent was convicted of filing a false federal individual income tax return. Because the commission of the offense involved fraud or false statements, the Hearing Panel concludes that the Respondent committed a criminal act that reflects adversely on his honesty and trustworthiness in violation of KRPC 8.4(b) [1999 Kan. Ct. R. Annot. 399—misconduct]."

In making its recommendation to this court, the Kansas Board for Discipline of Attorneys considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer

Sanctions (1991). Pursuant to Standard 3, the factors considered were the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors. The Board noted:

"*Duty Violated.* In case number B5728 [Violations of Missouri Supreme Court Rules of Professional Conduct], the Respondent violated duties owed to his clients, the legal system, and the profession. First, the Respondent failed to represent his client with appropriate diligence, failed to avoid conflicts of interest with his clients, and failed to properly deal with a client's money. Second, the Respondent abused the legal process by failing [to] expedite litigation. Third, the Respondent violated his duty to the profession by failing to supervise the associate attorneys in his law firm. In case number DA7428 [Felony Conviction], the Respondent violated a duty owed to the public. The Respondent owed the public the duty of maintaining standards of personal honesty and integrity. The Respondent violated that duty by engaging in illegal activity.

"*Mental State.* In case number B5728 [Violations of Missouri Supreme Court Rules of Professional Conduct], the Respondent *knowingly* failed to represent his clients with appropriate diligence, failed to avoid conflicts of interest with his clients, failed to properly deal with a client's money, failed to expedite litigation, and failed to supervise the associate attorneys in his law firm. And, in case number DA7428 [Felony Conviction], the Respondent *knowingly* filed a false federal individual tax return.

"*Injury.* In this case [B5728 Violations of Missouri Supreme Court Rules of Professional Conduct], it appears that the Respondent's actions did not result in direct harm to his clients. However, by engaging in fraudulent activity, the Respondent violated one of the most basic professional obligations to the public: the pledge to maintain personal honesty and integrity. Public confidence in the integrity of lawyers clearly was undermined by the Respondent's illegal conduct.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendations for discipline, the Hearing Panel found, in this case, the following aggravating factors:

"Multiple Offenses. To the extent that the misconduct committed by the Respondent that gave rise to case number B5728 [Violations of Missouri Supreme Court Rules of Professional Conduct] occurred after the Respondent was admitted to the Kansas bar in 1991, the Respondent violated multiple provisions of the Kansas Rules of Professional Conduct.

"Substantial Experience in the Practice of Law. At the time that he was indefinitely suspended in Missouri and that he voluntarily agreed to refrain from practicing law in Kansas, the Respondent had been practicing law for sixteen (16) years.

"Illegal Conduct. In case number DA7428 [Felony Conviction], the Respondent engaged in illegal conduct by filing a false federal individual income tax return.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel found, in this case, the following mitigating circumstances:

"Absence of Dishonest or Selfish Motive. With regard to the misconduct in case number B5728 [Violations of Missouri Supreme Court Rules of Professional Conduct], the Hearing Panel finds that the Respondent did not act with a dishonest or selfish motive. (This finding does not apply to case number DA7428 [Felony Conviction].)

"Full and Free Disclosures to the Disciplinary Authority. The Respondent accepted responsibility for his actions in both cases. Additionally, the Respondent responded appropriately to requests made to him by the Office of the Disciplinary Administrator.

"Good Character or Reputation. As evidenced by Exhibits 1 through 6 (letters of support) and by the testimony of Thomas E. Carew and William Dirk Vandever, the Respondent enjoys the respect and support of his colleagues, family, and friends.

"Remorse. The Respondent expressed genuine remorse for engaging in the misconduct and illegal activity.

"In addition to the above factors, the Hearing Panel is guided by Standard 5.12. That standard provides:

> 'Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.' Id.

In this case, the Respondent filed a false federal individual income tax return knowing it to be false. Knowingly filing a false federal individual income tax return 'seriously adversely reflects on Shaver's fitness to practice.' "

The hearing panel recommended that the respondent be indefinitely suspended from the practice of law in the state of Kansas. The hearing panel further recommended that because the respondent voluntarily refrained from practicing law in Kansas beginning February 26, 1996, his suspension should be retroactively imposed from that date.

We note that the respondent takes no exceptions to the Final Hearing Report of the State Board for Discipline of Attorneys. We also note that the respondent was temporarily suspended from the practice of law in Kansas by order of this court on June 21, 1999,

based upon respondent's plea of guilty to filing a false federal individual income tax return, a class E felony. This temporary suspension was entered pursuant to Supreme Court Rule 203(c)(5) (1999 Kan. Ct. R. Annot. 211) and remains in effect.

We agree with the hearing panel's recommendation of indefinite suspension, which under Rule 219(c) (1999 Kan. Ct. R. Annot. 260) renders the respondent ineligible for reinstatement for 3 years from the date of suspension. However, we disagree with its recommendation that such suspension be retroactively imposed to the date that the respondent voluntarily refrained from practicing law in Kansas beginning February 26, 1996. We acknowledge that there was such an agreement between the respondent and the Kansas Disciplinary Administrator. However, we note that the respondent has never practiced law in Kansas.

The respondent's entire professional career has been in the state of Missouri. We note the respondent's diligent efforts for reinstatement in Missouri. As an attorney, the respondent has had little contact in Kansas. He established a thriving practice over the past decade in Kansas City, Missouri, and has continued to practice as a paralegal since 1996 in Missouri. Under these circumstances, we think it more appropriate that the respondent's indefinite suspension date commence from his temporary suspension by this court on June 21, 1999. Based upon the respondent's past history in the practice of law, we are also reluctant to reinstate him to practice in Kansas without knowing that he has been reinstated in Missouri. Without considering the ethical violations which occurred in Missouri, his conviction alone warrants indefinite suspension from the practice of law in Kansas. Based upon the respondent's background in the practice of law, his violations of Missouri Supreme Court Rules of Professional Conduct, and his present employment, this court would not consider a motion for reinstatement prior to his reinstatement to practice law in the state of Missouri.

The court concludes that the findings and conclusions of the hearing panel are supported by clear and convincing evidence and adopts the same. After consideration of the entire record, the final hearing report, together with its recommendation, arguments of counsel, and the statement of the respondent before this court, the

court concludes that the respondent should be indefinitely suspended from the practice of law in Kansas.

IT IS THEREFORE ORDERED that Howard David Shaver be and he is hereby indefinitely suspended from the practice of law in the state of Kansas commencing as of June 21, 1999.

IT IS FURTHER ORDERED that a motion for reinstatement to practice law in this state will not be considered by this court until the respondent demonstrates that he has been reinstated to practice law in the state of Missouri.

IT IS FURTHER ORDERED the respondent shall forthwith comply with Supreme Court Rule 218 (1999 Kan. Ct. R. Annot. 250) and pay the costs of this action and that this order be published in the official Kansas Reports.